**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD HASKELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-cv-05880 |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| TRINIENCE GRAHAM and SANDRA ) | |
| M. ZAMBRANO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| SANDRA M. ZAMBRANO, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| DRINNAN SANTE, ) | |
| ) | |
| Third Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff is Richard Haskell and the defendants are Trinience Graham and Sandra Zambrano. Drinnan Sante is a third party defendant impleaded by the original defendants. In this car accident case, the plaintiff alleged negligence by the defendants and then Mr. Graham and Ms. Zambrano claimed that Mr. Sante was at fault for the accident. A jury trial was held and ended on March 4, 2010, and judgment was entered in favor of the plaintiff. The jury found Mr. Sante 100 percent liable and awarded the plaintiff $127,923.51. The defendant, pursuant to an order of the Court, deposited the judgment proceeds with the Clerk of the Court. Now two motions are before the Court: (1) Mr. Sante requests the Court place restrictions on the money deposited with the Clerk while awaiting confirmation as to whether or not any Medicare liens exist [dkt 174] and; (2) the

plaintiff seeks sanctions against the defendant for depositing judgment funds with the Clerk of the Court [dkt 178]. The parties were required to file position papers by May 13, 2009 regarding the aforementioned motions.

**A.     Mr. Sante requests restrictions on the funds deposited with the court**

The issue is, if Mr. Sante pays the judgment to plaintiff in full now, whether he will later be liable to Medicare for repayment of plaintiff's medical expenses paid for by Medicare. There are circumstances where Medicare may recover any amount owed to it for medical expenses paid on behalf of a Medicare beneficiary from a tortfeasor, even if that amount has already been paid to the defendant.[1] That is, when the tortfeasor had constructive notice of a Medicare lien.[2] Constructive notice exists when the payer of a judgment has "direct information that Medicare has made a…payment or…information necessary to draw the conclusion" that Medicare has made a payment.[3] Generally, Medicare will pay for a Medicare beneficiary's medical expenses if it is reasonably likely that the medical expenses will not be promptly paid by another party within 120 days of receipt of the claim.[4] Medicare may collect money it paid out for a Medicare beneficiary's health care expenses from any party found responsible, by a judgment or otherwise, for the beneficiary's medical expenses.[5]

The plaintiff asserts that the proceeds from the judgment are not "settlement proceeds," but are judgment proceeds, and that a judgment debtor has no obligation to ensure liens are paid prior

---

[1] *United States v. Baxter Int'l*, 345 F.3d 866, 877 (11th Cir. 2003).
[2] *Id.*
[3] *Id.* at 901.
[4] *Id.* at 889.
[5] *See* 42 U.S.C.A. § 1395y(b)(2)(B)(ii) (providing that "[a party's] responsibility…[to repay Medicare] may be demonstrated by a judgment…").

to distribution. The plaintiff, however, failed to cite any authority explaining the distinction between a settlement and a judgment in regards to Medicare liens. Courts have placed portions of jury verdicts in escrow when Medicare is owed money by the recipient of those funds.[6] Because Medicare may collect money owed to it when it paid out medical expenses to a Medicare beneficiary from anyone responsible for the beneficiary's injuries, the distinction between judgment and settlement is irrelevant.

The plaintiff also contends that the judgment proceeds should be disbursed immediately because there is no constructive notice of any Medicare liens. The plaintiff states that his medical bills were paid within 120 days by his insurance, thus, Medicare could not have paid those expenses. The defendant, however, contends that if the judgment is disbursed, and Medicare has paid for the plaintiff's medical expenses, the government may seek double damages from the defendant. The defendant also contends that the plaintiff, at age 68, is Medicare-eligible and Medicare was listed as an insurer on the plaintiff's medical bill, thus, giving the defendant constructive notice.

The fact that plaintiff's insurance paid his bill within 120 days fails to prove that Medicare did not actually make a payment. The "120 days" language within the statute contemplates that litigation or settlement of claims involving Medicare beneficiaries may take longer than 120 days.[7] If it is reasonably likely that litigation, settlement, or payment of a Medicare beneficiary's medical expenses will take longer than 120 days, then Medicare will make the payment and seek reimbursement.[8] The defendant had information necessary to draw the conclusion that Medicare had potentially made payments because Medicare is listed on the plaintiff's medical bills and the

---

[6]*See, e.g., Murdale True Value v. Richardet*, No. 09-cv-0573-MJR-PMF, slip op. at 3, 2010 WL 183938 (S.D. Ill. Jan. 20, 2010).
[7]*Id.* at 889.
[8]*Id.*

plaintiff is, at age 68, Medicare-eligible. Constructive notice exists when the payer of a settlement has "'direct information… or information necessary to draw the conclusion' that Medicare had made a conditional payment [to a] particular recipient."[9] Therefore, the defendant has constructive notice of potential Medicare liens and could be subject to direct action, and double damages, by the government.

**B.     Mr. Haskell moves for sanctions against Mr. Sante**

We must also briefly address the plaintiff's motion requesting sanctions against the defendant. In this case, all the defendant has done is comply with the order of the Court. The defendant merely seeks to ensure that it will not be required to pay out twice and has deposited the proceeds with the Clerk of the Court, pursuant to the Court's order. We have confirmed that the defendant would be at risk for paying out double, once to Medicare and once to the plaintiff, if the proceeds are paid out now, and if Medicare liens exist. This is sufficient to warrant keeping the disputed amount in escrow until a determination is made as to whether Medicare has any liens.

---

[9]*See Baxter*, 345 F. 3d at 879.

## C.     Conclusion

The Court grants defendant's motion to restrict the judgment funds up to the amount of the potential Medicare lien, with the uncontested funds being disbursed to plaintiff forthwith, until confirmation is received from Medicare that it holds no lien on the remaining funds [dkt 174]. Defendant is to provide the Court with specific information on the exact amount of money to remain deposited with the Clerk of the Court, and the registry account number, on or before June 15, 2010. The plaintiff's motion for sanctions argues that the defendant's claims are frivolous and unfounded. This is, in fact, untrue. As stated, the plaintiff's motion for sanctions is denied [dkt 178].

**IT IS SO ORDERED.**

**ENTERED: June 10, 2010**             _____
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        Susan E. Cox